**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSUELO GRISELDA NERIO MEJIA, *Plaintiff-Appellant*, v. MARTIN J. O'MALLEY, Commissioner of Social Security, *Defendant-Appellee*. | No. 23-3162 D.C. No. 2:21-cv-09115-MAA OPINION |

Appeal from the United States District Court
for the Central District of California
Maria A. Audero, Magistrate Judge, Presiding

Submitted October 25, 2024[*]
San Francisco, California

Filed November 4, 2024

Before: Sidney R. Thomas, John B. Owens, and Daniel P. Collins, Circuit Judges.

Opinion by Judge Collins

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

## SUMMARY[**]

### Equal Access to Justice Act

The panel reversed the district court's order awarding Consuelo Griselda Nerio Mejia a reduced amount of the attorneys' fees that she sought under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after she prevailed in her suit challenging the denial of disability benefits by the Social Security Administration ("SSA"), and remanded with instructions to award the full requested amount.

The district court found that the SSA's position was not "substantially justified" and that claimant was entitled to EAJA fees. However, the district court concluded that, under this court's decision in *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010), claimant was categorically ineligible to receive any fees attributable to work performed by her attorney in connection with *alternative* arguments that claimant had raised in her suit against the SSA and that the district court had found unnecessary to reach in rendering judgment for claimant.

The panel held that the district court erred in applying *Hardisty* because *Hardisty* did not raise or decide the issue raised by this case. The panel also held that the district court's holding that fees devoted to undecided issues were not compensable under EAJA was contrary to the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and this court's en banc decision in *Ibrahim v. United States Dep't of Homeland Sec.*, 912 F.3d 1147 (9th

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Cir. 2019) (en banc). Because the district court already found the fees requested to be otherwise reasonable, the panel remanded for entry of an amended order awarding the full fees requested.

## COUNSEL

Dolly M. Trompeter, Law Office of Dolly M. Trompeter, Fresno, California; Jonathan O. Peña, Peña & Bromberg PLC, Fresno, California; for Plaintiff-Appellant

Timothy R. Bolin and Elizabeth Firer, Special Assistant United States Attorneys; Social Security Administration, Office of the General Counsel, San Francisco, California; David M. Harris, Assistant United States Attorney, Chief, Civil Division; E. Martin Estrada, United States Attorney; United States Department of Justice, Office of the United States Attorney, Los Angeles, California; for Defendant-Appellee.

## OPINION

COLLINS, Circuit Judge:

Consuelo Griselda Nerio Mejia appeals from the district court's order awarding her only a reduced amount of the attorneys' fees that she sought under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after she prevailed in her suit challenging the denial of disability benefits by the Social Security Administration ("SSA"). Although the district court agreed that the SSA's position was not "substantially justified" and that Nerio Mejia was therefore entitled to fees under the EAJA, *see* 28 U.S.C. § 2412(d)(1)(A), the district court concluded that Nerio Mejia was categorically ineligible to receive any fees attributable to work performed by her attorney in connection with *alternative* arguments that Nerio Mejia had raised in her suit against the SSA and that the district court had found unnecessary to reach in rendering judgment for Nerio Mejia. Because the district court's application of this categorical rule was legally erroneous, we reverse the district court's order to the extent that it partially denied the fee application. And because the district court already found the fees requested to be otherwise reasonable, we remand for entry of an amended order awarding the full amount of fees requested.

## I

After a hearing, an administrative law judge ("ALJ") denied Nerio Mejia's application for disability insurance benefits under Title II of the Social Security Act ("the Act"). The ALJ concluded that, although Nerio Mejia had multiple severe impairments and was unable to perform any of her past work, her "residual functional capacity" at the time she

"last met the insured status requirements" of the Act would nonetheless have permitted her to perform a number of different jobs that "existed in significant numbers in the national economy."

Nerio Mejia then timely filed this civil suit under § 205(g) of the Act challenging the SSA's denial of benefits. *See* 42 U.S.C. § 405(g). She ultimately raised three objections to the ALJ's decision, two of which related to asserted deficiencies in the testimony of the vocational expert who testified at the administrative hearing. In her third objection, Nerio Mejia asserted that the ALJ had erred in rejecting her "symptomology testimony." Because the ALJ had found that Nerio Mejia's impairments "could reasonably be expected to cause" her claimed symptoms, and there was "no evidence of malingering," the ALJ could reject her "testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). Nerio Mejia argued that the ALJ had failed to provide the requisite "clear and convincing reasons," supported by substantial evidence, and the district court agreed. The district court therefore reversed the ALJ's denial of benefits and remanded the matter to the agency for further proceedings. Because the district court concluded that this one objection was sufficient to require a remand to the agency, the court explicitly "decline[d] to address [Nerio Mejia's] remaining arguments" concerning the asserted deficiencies in the vocational expert's testimony. Based on this ruling, the district court entered final judgment reversing the ALJ's decision and remanding the matter.

Nerio Mejia thereafter filed a timely motion for attorneys' fees under the EAJA. The district court held that, because the ALJ's rejection of Nerio Mejia's symptomology

testimony was not "substantially justified," an award of fees was warranted under the EAJA.  Although the district court otherwise found Nerio Mejia's attorney's billing rate and number of hours worked to be reasonable, the court held that the time that counsel spent on the two additional issues that the district court did not reach were not "compensable" as a matter of law.  Accordingly, in calculating the fee award, the court excluded all of the time (24.05 hours) that counsel had spent "in researching and drafting the two issues" that the district court did not reach.

Nerio Mejia timely appealed the district court's decision declining to award her the full amount of fees requested.  We have jurisdiction under 28 U.S.C. § 1291.

## II

Before turning to Nerio Mejia's challenge to the fee award, we first summarize the applicable standards under the EAJA.

The EAJA requires a court to award "reasonable attorney fees" to "a prevailing party other than the United States" in "any civil action (other than cases sounding in tort)" that are "brought by or against the United States," "including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A), (2)(A).  Nerio Mejia is obviously the "prevailing party" in her district court action, because she secured reversal of the SSA's denial of her claim for benefits.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (stating that a plaintiff may be characterized as a "prevailing party" if the plaintiff "succeed[s] on any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing suit" (citation

omitted)). The district court expressly found that the ALJ's grounds for rejecting Nerio Mejia's "subjective symptom testimony" "did not have a reasonable basis in both fact and law" and that those grounds were therefore not "substantially justified" within the meaning of the EAJA. 28 U.S.C. § 2412(d)(1)(A). Moreover, the SSA did not contend that there were any "special circumstances" that would "make an award unjust." *Id.* Accordingly, Neria Mejia was entitled to reasonable attorneys' fees, provided that she submitted a timely application in accordance with § 2412(d)(1)(B). *See Melkonyan v. Sullivan*, 501 U.S. 89, 91, 102 (1991). She did so.

Once a plaintiff has shown an entitlement to "reasonable" attorneys' fees under the EAJA or another statute, it "remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433. *Hensley* described the standards for determining "reasonable" attorneys' fees in the context of a fee request under 42 U.S.C. § 1988, but the Court explicitly stated that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Id.* at 433 n.7; *see also Costa v. Commissioner of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (holding that *Hensley*'s standards apply to fee awards under the EAJA). Under *Hensley*, a court generally determines a reasonable fee by calculating the "lodestar" amount, *Costa*, 690 F.3d at 1135, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley*, 461 U.S. at 433. The lodestar amount is only a "starting point," however, and "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.*

at 433–34. In particular, a court may consider reducing the lodestar amount when a plaintiff has prevailed "on only some of his claims for relief" or has achieved only "limited success." *Ibrahim v. United States Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc) (citation omitted).

A district court's determination of a reasonable fee under the EAJA, including whether to reduce the fee award, is reviewed for abuse of discretion. *See Su v. Bowers*, 89 F.4th 1169, 1177 (9th Cir. 2024). We will affirm a reduced fee award under that standard of review "unless the district court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024) (citation omitted).

## III

In evaluating the district court's fee award under these standards, we begin by summarizing the district court's ruling in more detail before explaining why we conclude that the district court applied the wrong legal standards and reached the wrong result.

### A

Nerio Mejia's fee application sought a total of $13,426.42 in fees, representing 58 hours of work at a rate of $231.49 per hour. The SSA did not dispute the reasonableness of the hourly rate, which was within the statutory limit, 28 U.S.C. § 2412(d)(2)(A), and the district court rejected all of the arguments made by the SSA for reducing, as unreasonable, the total number of hours claimed. In particular, the court held that the amount of time spent reviewing the administrative record (7.75 hours) was

reasonable, given the "5,900 pages of medical records" in that record; that it was reasonable, "given the fundamental importance of these tasks," "to have spent 46.50 hours on drafting the initial arguments and reply arguments" for the three issues raised by Nerio Mejia; and that it was reasonable "to have spent 3.75 hours drafting the motion for attorney's fees."

Having rejected all of the SSA's arguments for a reduction of the fees sought, the district court nonetheless *sua sponte* reduced the fee award on the ground that Nero Mejia's application sought fees "for tasks that are *not compensable* under the EAJA" (emphasis added). Specifically, the district court noted that "Plaintiff's counsel spent a total of 24.05 hours in researching and drafting the two issues" that the district court "did not reach," and the court held that "the time that Plaintiff's counsel spent on these issues is not compensable" under our decision in *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010). According to the district court, *Hardisty* required that result because it held that "the EAJA 'provides no indication that attorneys' fees should be awarded with respect to positions of the United States challenged by the claimant but unaddressed by the reviewing court'" (quoting *Hardisty*, 592 F.3d at 1077). Consequently, the district court held that the "requested fees should be reduced for the 24.05 hours spent on unaddressed issues," and, at the hourly rate of $231.49, that meant a reduction of "$5,567.33."

**B**

The district court committed legal error in concluding that *Hardisty* required a reduction of the fee. And because the district court otherwise held that Nerio Mejia's fee

request was reasonable, the court should have awarded the full amount of fees requested.

**1**

In *Hardisty*, as in this case, the district court reversed the denial of benefits based on one of the grounds raised by the claimant, and the court then declined to reach the claimant's remaining objections. *Hardisty*, 592 F.3d at 1075. However, unlike in this case, the district court concluded that the SSA's position on the dispositive issue, while unsuccessful, was "substantially justified." *Id*. Accordingly, the district court held that the claimant was ineligible for fees under the EAJA. *Id*. The claimant asked the district court to award fees based on the asserted lack of substantial justification for the SSA's position concerning the claimant's *other* objections that the district court had not reached, but the district court declined to do so "in the absence of . . . any authority, including circuit precedent, requiring it to do so." *Id*.

We affirmed the district court's denial of fees. We noted that the EAJA's allowance of fee-shifting was "an exception to the American rule," under which "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Hardisty*, 592 F.3d at 1076 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). We further observed that, under the EAJA, the availability of fees turned on whether "the position of the United States was substantially justified" or whether "special circumstances make an award unjust." *Id*. (emphasis omitted) (quoting 28 U.S.C. § 2412(d)(1)(A)). For purposes of this provision, we explained, the "position of the United States" was statutorily defined to generally include both "the position taken by the United States in the

civil action" and "the action or failure to act by the agency upon which the civil action is based." *Id*. at 1076–77 (quoting 28 U.S.C. § 2412(d)(2)(D)). We then stated that nothing in the language of these statutory provisions "extends fee-shifting to issues not adjudicated." *Id*. at 1077. That is, the statutory text "provides no indication that attorneys' fees should be awarded with respect to *positions of the United States* challenged by the claimant but unaddressed by the reviewing court." *Id*. (emphasis added). "In the absence of clear statutory text *authorizing* fee-shifting, we decline[d] to become a 'roving authority' awarding attorneys' fees." *Id*. (emphasis added) (citation omitted).

We held that this conclusion was further supported by the fact that, as a "partial waiver of sovereign immunity," the EAJA's authorization of fee-shifting should be "strictly construed in favor of the United States" and "not enlarged beyond what the language requires." *Hardisty*, 592 F.3d at 1077 (simplified). We also noted that our narrow reading of the EAJA's authorization of fee-shifting was consistent with one of the important policies underlying fee-shifting statutes, which is to avoid "extensive collateral litigation" over fees. *Id*. at 1078. Were district courts required to consider whether the SSA's position on *unresolved* issues was "substantially justified," the fee litigation would threaten to become more complex than the underlying suit itself. *See id*. We therefore concluded that, in the circumstances of Hardisty's case, the relevant "position of the United States" for purposes of determining eligibility for fees under the EAJA was "the government's position on the particular issue on which the claimant earned remand." *Id*. As to that issue, we held that the district court did not abuse

its discretion in concluding that the SSA's position was substantially justified. *Id*. at 1079–80.

Our decision in *Hardisty* thus made quite clear that we were addressing the significance of undecided, additional objections raised by a claimant *only* in the context of determining whether the claimant satisfied the statutory requirement for *eligibility* to obtain any attorneys' fees. As relevant in *Hardisty*, the statute made Hardisty's eligibility for fees turn on whether the "position of the United States was substantially justified" and, under the facts of Hardisty's case, that required considering whether the SSA's position on the issue that had led to the remand was substantially justified. Because the answer to that question was yes, Hardisty was not eligible to receive fees, and we had no occasion to address what amount of fees might have been "reasonable" had he been eligible for a fee award. *Hardisty* thus did not raise or decide the quite different issue that confronts us here—*viz.*, whether, if a claimant *has* established her eligibility for fees under the EAJA, a "reasonable" fee award may include fees for work relating to issues that the district court found unnecessary to decide. The district court therefore committed legal error in concluding that, under *Hardisty*, work relating to undecided issues is categorically "not compensable under the EAJA."

**2**

In addition to being unsupported by *Hardisty*, the district court's holding that fees devoted to undecided issues are not "compensable" under the EAJA is contrary to the Supreme Court's decision in *Hensley* and our en banc decision in *Ibrahim*. Those cases establish the relevant standards for assessing the reasonableness of a fee in a case such as this

one, and they reject the rule that the district court adopted here.

In *Hensley*, the Court acknowledged that plaintiffs may often raise a variety of different claims and theories and may achieve success based on only a subset of them, and the Court set down certain general guidelines governing such situations. *See* 461 U.S. at 434–35. In some cases, which the Court said may be "unlikely to arise with great frequency," the "plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories" and that should, for fee-shifting purposes, "be treated as if they had been raised in separate lawsuits." *Id*. In such a case, if the plaintiff succeeds on one such claim and fails on an "unrelated claim[]," the Court stated that, as a general matter, "no fee may be awarded for services on the unsuccessful claim." *Id*. at 435. By contrast, in a case in which "the plaintiff's claims for relief . . . involve a common core of facts or [are] based on related legal theories," the lawsuit cannot fairly "be viewed as a series of discrete claims," and in such cases "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. "Where a plaintiff has obtained excellent results," the Court explained, the "attorney should recover a fully compensatory fee," which will normally "encompass all hours reasonably expended on the litigation." *Id*. The Court underscored that, in such cases, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id*. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id*.

In *Ibrahim*, we construed this discussion in *Hensley* as establishing a "two-pronged approach for determining the amount of fees to be awarded when a plaintiff prevails on only some of his claims for relief or achieves 'limited success.'" *Ibrahim*, 912 F.3d at 1172 (citation omitted). First, the court must consider whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* (quoting *Hensley*, 461 U.S. at 434). In deciding whether two sets of claims are "unrelated" at this first step, the "inquiry rests on whether the . . . claims involve a common core of facts or are based on related legal theories, with the focus on whether the claims arose out of a common course of conduct." *Id.* (simplified). Second, the court must consider "whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* (simplified). "If the court concludes the prevailing party achieved 'excellent results,' it may permit a full fee award—that is, the entirety of those hours reasonably expended on both the prevailing and unsuccessful but related claims." *Id.* (citation omitted).

Under these standards, the district court's analysis was legally flawed. In particular, the court's holding that the work spent by Nerio Mejia's counsel on the undecided issues was not compensable is directly contrary to *Hensley*'s instruction that, when a litigant has "in good faith . . . raise[d] alternative legal grounds for a desired outcome, . . . the court's rejection of *or failure to reach certain grounds* is *not* a sufficient reason for reducing a fee." 461 U.S. at 435 (emphasis added). The district court should instead have analyzed the issue under the two-step test set forth in *Ibrahim*. Had the district court done so, it would have recognized that—in light of the findings the district court

made elsewhere in its order—no reduction in the fee award was warranted here.

Under *Ibrahim*'s first step, Nerio Mejia did not raise multiple "unrelated" claims; rather, she raised a single claim for relief that was supported by a variety of alternative theories. The relief she sought was a reversal and remand of the SSA's denial of her claim for disability benefits, and she asserted a variety of objections in pursuit of that one result. Her civil action under § 205(g) challenging that single administrative decision thus presented "one claim for relief," and her "assertion of several distinct *grounds* does not create multiple claims." *Ibrahim*, 912 F.3d at 1174 n.24 (quoting *SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 41 (D.C. Cir. 2016)).

Under step two of *Ibrahim*, Nerio Mejia achieved "a level of success" justifying an award reflecting "the entirety" of the hours her counsel "reasonably expended" in litigating her claim. *Ibrahim*, 912 F.3d at 1172. Nerio Mejia obtained all the relief she sought except for an outright award of benefits, and her failure to obtain that "rare" form of relief, *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (citation omitted), does not materially detract from her success in achieving her overall litigation goal of reversing the SSA's denial of benefits. Of course, under *Ibrahim*, the hours devoted to the litigation, including the alternative issues not reached, must still have been "reasonably expended." *Ibrahim*, 912 F.3d at 1172. But the district court here expressly held that they *were* reasonable, and it rejected the SSA's arguments that the hours that Nerio Mejia's counsel devoted to the district court briefing, including with respect to the two additional issues that were ultimately never decided, were excessive.

Accordingly, in light of the findings already made by the district court, it is clear that, under *Ibrahim*'s standards, the district court should have awarded the full amount of fees requested.

**IV**

For the foregoing reasons, we reverse the district court's order to the extent that it partially denied Nerio Mejia's fee application, and we remand with instructions to award, for the work covered by that application, the full requested amount of $13,426.42.

**REVERSED IN PART AND REMANDED.**